**FILED**

**NOT FOR PUBLICATION**

**OCT 05 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>1,402 ACRES OF LAND, more or less, situated in Honolulu County, State of Hawaii,<br><br>    Defendant,<br><br>  and<br><br>THE ESTATE OF JAMES CAMPBELL, et al.,<br><br>    Defendant-Appellee,<br><br>ʻĪLIOʻULAOKALANI COALITION, et al.,<br><br>    Defendant-Intervenors-Appellants. | No. 05-15858<br><br>D.C. No. CV-04-00574-DAE<br><br>MEMORANDUM[*]<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>JAN 1 2 2007<br><br>at 4 o'clock and 30 min. PM<br>SUE BEITIA, CLERK |

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted December 6, 2005
San Francisco, California

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

Defendants-Intervenors-Appellants ʻĪlioʻulaokalani Coalition, Nā ʻImi Pono, and Kīpuka ("Appellants" or "Hawaiian Groups") appeal from the district court's denial of their motions under Fed. R. Civ. P. 59(e) and 60(b) to set aside a Stipulated Judgment as to Just Compensation and Order for Withdrawal of Funds on Deposit to finalize the condemnation of the South Range Acquisition Area ("SRAA"). Appellants argue that the district court erred in holding that (1) even if the condemnation violated the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. §§ 4321-4347 (2006), the Army still was authorized to condemn the land; (2) Appellants' lack of opportunity to argue their opposition to the court constitutes manifest injustice; and (3) Appellees' failure to notify the court of Appellants' opposition warrants setting aside the Stipulated Judgment.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's denial of Appellants' Rule 59(e) and 60(b) motions for abuse of discretion. *See United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). The district court abused its discretion if it "misinterpreted [this court's] precedents," *id.* at

1161, or "applied the wrong law," *id.* at 1157. The district court has also abused its discretion if its denial of Appellants' motions "rests on an inaccurate view of the law." *Smith v. Pac. Properties and Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004). Because the facts are known to the parties, we do not recite them in detail here. We now affirm the district court's denial of Appellants' Rule 59(e) and 60(b) motions.

Broad principles limit a court's authority to review and set aside condemnation complaints: "A federal court has jurisdiction to review only one aspect of condemnation actions: is the purpose for which the property was taken a Congressionally authorized public use? [']It is uncontroverted that the courts are not vested with authority judicially to review the power of Congress to authorize acquisition of land.[']" *United States v. 0.95 Acres of Land*, 994 F.2d 696, 699 (9th Cir. 1993) (quoting *United States v. 80.5 Acres of Land*, 448 F.2d 980, 983 (9th Cir. 1971)). "The United States has the power to take private property for the establishment and maintenance of military forces." *United States v. 729.773 Acres of Land*, 531 F. Supp. 967, 973 (D. Haw. 1982) (citing *Berman v. Parker*, 348 U.S. 26, 32 (1954) and *S. Pac. Land Co. v. United States*, 367 F.2d 161 (9th Cir. 1966), *cert. denied*, 386 U.S. 1030 (1967)). Although, as Appellants indicate, the National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136,

117 Stat. 1392 (2003), does not mention the SRAA, it does state that "the Secretary of the Army may acquire real property and carry out military construction projects for the installations and locations inside the United States." *Id.* § 2101(a). The agency then has the discretion to determine which land and how much land it needs to take. *80.5 Acres of Land*, 448 F.2d at 983 ("Once an administrative agency designated by Congress has been delegated authority to take lands for a public use, the courts have no jurisdiction to review action of that administrative agency in its determination as to the parcels of land that are or are not necessary to the project.").

We therefore affirm the district court's denial of Appellants' Rule 59(e) and 60(b) motions and note that while the condemnation may proceed without judicial interference, the use to which the land may be put will be determined pending compliance with NEPA in *'Īlio'ulaokalani Coalition v. Rumsfeld*, No. 05-15915, __ F.3d __ (9th Cir. ___, 2006).

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 04 2007

by: Ruben Talavera
Deputy Clerk

**FILED**

*United States v. 1,402 Acres of Land, et al.*, No. 05-15858

**OCT 05 2006**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

BEA, Circuit Judge, concurring:

I concur in the majority disposition. I do not concur regarding the use to which the land may be put. *See 'Ilio'Ulaokalani Coalition v. Rumsfeld*, No. 05-15915, __ F.3d __ (9th Cir. ___, 2006) (Bea, J., dissenting).